EHRLICH, Justice,
dissenting.
The majority opinion adopting these proposed amendments silently but effectively destroys the private reprimand in our scheme of Bar discipline.
The private reprimand is the Bar’s mildest discipline, one which in no way reflects on the disciplined member’s overall integrity or continued fitness to practice law. Bearing in mind that the legal profession is bound by a code of ethics which proscribes practices which in the lay community may be not only accepted but favored business practices, an attorney may receive a private *885 reprimand for behavior which in any other setting would be innocuous. The private reprimand has served the purpose of warning the heedless attorney that even minor departures from the strict demands of the Code of Professional Responsibility will be censured by the profession without impairing his reputation or effectiveness in the profession or in the community at large.
[I]t is often the case that the misconduct demands discipline of no greater magnitude than private reprimand. As a primary objective of such a minor penalty is the rehabilitation of the lawyer ... confidentiality may be considered essential to ensure that rehabilitative efforts are not thwarted by disclosures which may be prejudicial.
McLaughlin v. Philadelphia Newspapers, Inc., 465 Pa. 104, 114-15, 348 A.2d 376, 381 (1975) (footnotes omitted).
The majority contends that the “choice of waiver of confidentiality” is in the hands of the attorney, but a realistic assessment of the situation indicates this is at best a Hob-son’s choice. The attorney confronted by a direct question as to his disciplinary record must either waive confidentiality and reveal all the circumstances of the discipline or claim the right to retain confidentiality and leave the fertile public imagination to speculate about the nature of the infraction which he refuses to disclose. Human nature tends to believe that that which is concealed must always be worse than that which is revealed. Thus, the attorney who has been privately reprimanded and chooses to retain that privacy risks invidious comparison to one who has waived confidentiality. Clearly, the attorney can only lose by claiming confidentiality.
Comparisons of the relative enormity of undisclosed infractions is difficult, and when all attorneys are bound, under all circumstances, to maintain the confidentiality of Bar proceedings not made public, all attorneys faced the public on equal footing. Such can no longer be the case.
I was persuaded to accept the Court-proposed rule allowing waiver of confidentiality by candidates for judicial office because of the nature of that office. A judge should be the exemplar of his profession. In administering justice’ to others he must faithfully adhere to the spirit as well as the letter of the law. His record for abiding by the ethical standards of the profession is of great significance to lawyers who will look to him for guidance as well as to the public at large which will rely on him for justice. Even the kinds of minor misconduct which merit no more than a private reprimand may illuminate a candidate’s fitness to serve on the bench, where both candidates have been measured by the same standards of conduct. In other elections, against opponents who may not be held to so rigorous a standard of professional conduct, revelation of private reprimands for professional misconduct may be unduly harmful. More disturbing, knowledge that private reprimands will no longer be private in any practical sense may dissuade otherwise well-qualified and public-spirited attorneys from seeking public office.
The Bar originally sought a limited exception which preserved confidentiality in all other instances. The rule as adopted by the majority forces upon the attorney the same no-choice choice in all instances— client contacts, civic and professional associations, social gatherings — at which curiosity leads someone to inquire into an attorney’s disciplinary record. The exception has swallowed the rule, and I am saddened by the demise of a useful educational and rehabilitative tool which served the profession well and harmed the public not at all.
I dissent.
ADKINS and BOYD, JJ., concur.